IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MALAIKA ANYAN : CIVIL ACTION
    Plaintiff, :
     :
    v. :
     :
COATESVILLE AREA SCHOOL : NO. 2:15-cv-02174
DISTRICT, et al., :
    Defendants. :

<u>MEMORANDUM ORDER</u>

AND NOW, this 27th day of August 2015, upon consideration of Defendants' Motion to Dismiss Complaint (Doc. No. 6), Plaintiff's Response in Opposition(Doc. No. 8), and Defendants' Reply (Doc. No. 11), it is hereby ORDERED that Defendants' Motion is GRANTED.

I.       Background

This matter is an employment discrimination dispute arising from a suspension following parental leave. Plaintiff Malaika Anyan was employed as a teacher at King's Highway Elementary School in Coatesville Area School District ("CASD"), first as a temporary employee beginning in 2005 and then on a permanent basis after she was promoted on June 24, 2008. (Compl. ¶¶ 5, 12, Doc. No. 1.) Plaintiff is a bargaining unit member of the Coatesville Area Teachers' Association ("CATA"). (Compl. ¶ 5.) According to the Complaint, Plaintiff has "never been disciplined or reprimanded in any manner whatsoever as it relates to her performance at King's Highway." (Compl. ¶ 14.)

Plaintiff took leave from March 21, 2011 to January 19, 2012 for the birth of her second child. (Compl. ¶ 17.) Since CASD has a policy that does not permit employees to return to work during the academic year, Plaintiff took Extended Childrearing Leave from January 23, 2012 to

June 11, 2012. (Compl. ¶ 18.) Then, Plaintiff applied for and was granted further extended leave from August 21, 2012 to June 10, 2013. (Compl. ¶ 19.)

In June 2013, Melissa Maloney, Human Resources Assistant at CASD contacted Plaintiff regarding whether she intended to return to work. (Compl. ¶ 22.) Plaintiff advised Maloney that Plaintiff was pregnant with her third son and was due to give birth in August 2013, but that Plaintiff wished to return to her teaching position. (Compl. ¶¶ 23–25.) On July 22, 2013, Maloney advised Plaintiff that Plaintiff had exhausted her childrearing leave and was not eligible for FMLA leave. (Compl. ¶ 26.) Plaintiff informed Maloney that she wished to return to work on August 19, 2013 and planned to use her allocated sick and personal leave during the first week of the year, which is dedicated to in-service meetings. (Compl. ¶¶ 27–29.) CASD grants employees ten days for sick and personal leave at the beginning of each academic term. (Compl. ¶ 28.) Plaintiff states that she had taken leave during the first week of the academic term without issue in previous years, as did other teachers. (Compl. ¶¶ 30–31.)

On August 15, 2013, Plaintiff received two voicemail messages from Kerri Verna, acting on behalf of Maloney and Human Resources Director Erika Zeigler. (Compl. ¶ 33.) The CASD Human Resources department denied Plaintiff's request for leave and instructed her not to report to work on August 19, 2013. (Id.) Plaintiff gave birth on August 17, 2013 and states that she "was fully capable, able, and willing to return to work on August 19, 2013. (Compl. ¶ 34.) She did not report for work on August 19, 2013, per the instructions that she received from Verna. (Compl. ¶ 35.)

CASD suspended Plaintiff on November 15, 2013 "because of alleged incompetency, persistent negligence in the performance of duties, willful neglect of duties, and persistent and willful violation of school laws," but "then changed the stated reasons for Mrs. Anyan's

suspension to job abandonment, and recommended Mrs. Anyan's termination to the School Board." (Compl. ¶¶ 39–40.) Plaintiff "has remained suspended without pay as the School Board has not yet made a determination concerning CASD's recommendation." (Compl. ¶ 41.)

Based on these circumstances, Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC"), date-stamped November 24, 2014, alleging discrimination under the Pregnancy Discrimination Act, Title VII, and the Pennsylvania Human Relations Act. (Defs.' Mot. Ex. B, Doc. No. 6-4.) The EEOC closed the file and issued a notice of Plaintiff's right to sue on January 23, 2015, concluding that Plaintiff's charge was not timely filed with the EEOC. (See Compl. Ex. A.) Plaintiff filed this case in federal court on April 23, 2015. (See Docket No. 15-cv-2174.)

Plaintiff alleges that Defendants' conduct constitutes continuing and ongoing discrimination on the basis of her gender and pregnancy. Count I charges employment discrimination under the Pregnancy Discrimination Act of 1978. (Compl. ¶¶ 60–68.) Count II alleges employment discrimination on the basis of gender under Title VII of the Civil Rights Act. (Compl. ¶¶ 69–77.) Count III alleges gender discrimination under the Pennsylvania Human Relations Act. (Compl. ¶¶ 78–86.) Finally, in Count IV which Plaintiff has since withdrawn (see Pl.'s Resp. 12, Doc. No. 8.), Plaintiff also alleged race discrimination based on unrelated conduct not detailed above. (See Compl. ¶¶ 87–95, 47–58.)

Defendants moved to dismiss Plaintiff's Complaint as time-barred and for failure to exhaust administrative remedies. (See Defs.' Mot.) Plaintiff responded, and Defendants filed a reply (see Defs.' Reply, Doc. No. 11). The Motion is now ripe for our review.

II.    Legal Standard

3

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is proper if "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 558 (2007). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). In other words, when considering a Rule 12(b)(6) motion to dismiss, "all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." In re Avandia Mktg., Sales Practices & Products Liab. Litig., 685 F.3d 353, 357 (3d Cir. 2012).

A court evaluating a motion to dismiss must first separate the factual and legal elements of the claim, and "then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (citations omitted). A court will "disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." James v. City of Wilkes Barre, 700 F.3d 675, 679 (3d Cir. 2012). However, plaintiffs need only allege "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element" of their claim. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556).

III.    Analysis

Defendants seek dismissal of the Complaint as untimely and for failure to exhaust administrative remedies.[1] Under 42 U.S.C. § 2000e-5(e), a charge must be filed with the EEOC

---

[1] Defendants separately argue for the dismissal of Plaintiff's race discrimination claim and her claim for punitive damages; Plaintiff concedes dismissal of these portions of her Complaint in her Response to Defendants' Motion. (See Pl.'s Resp. 111–12.) Defendants also seek dismissal

4

"within one hundred and eighty days after the alleged unlawful employment practice occurred," or within 300 days of the alleged unlawful practice if the aggrieved person institutes proceedings with a parallel state agency.[2] This period functions as a statute of limitations, as is the 90-day period in which the aggrieved person may file in federal court after receiving an EEOC right-to-sue notice. See Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). Plaintiff filed her EEOC paperwork on November 24, 2014, which is 374 days after the CASD suspended her. (Defs.' Mot. Ex. B.) As such, the EEOC dismissed Plaintiff's charge as untimely. (See Compl. Ex. A.) However, Plaintiff argues that Defendants' conduct constitutes a continuing violation, and that her Complaint was therefore appropriately filed within the limitations period. (Pl.'s Resp. 8–11.) We thus consider whether the continuing violations doctrine applies to allow Plaintiff's allegations that would otherwise be time-barred.

The Third Circuit recognizes the continuing violations doctrine as "an equitable exception to the timely filing requirement," applicable "when a defendant's conduct is part of a continuing practice." Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001) (citations omitted). In such circumstances, "an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." Id.  In evaluating whether the continuing violations doctrine applies,

> courts should consider at least three factors: (1) subject matter - whether the violations
> constitute the same type of discrimination, tending to connect them in a continuing
> violation; (2) frequency - whether the acts are recurring or more in the nature of isolated
> incidents; and (3) degree of permanence - whether the act had a degree of permanence

---

of the case as against the School Board on the grounds that it is not a separate entity from the school district and that Plaintiff does not make specific factual allegations against the Board. (Defs.' Mot. 13–15). Because we grant Defendants' Motion on timeliness grounds, we do not address this argument.

[2] Defendants dispute whether Plaintiff duel-filed her charge with the EEOC and the Pennsylvania Human Relations Commission. (See Defs.' Mot. 6–7; Pl.'s Resp. 6 n.1; Defs.' Reply.) Because Plaintiff's charge was untimely under either deadline, we do not evaluate this issue.

which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate.

Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001) (citing West v. Philadelphia Elec. Co., 45 F.3d 744, 755 n.9 (3d Cir.1995)). But this inquiry follows the threshold issue of "whether any present *violation* exists." United Air Lines, Inc. v. Evans, 431 U.S. 553, 558 (1977) (rejecting a continuing violations theory based on "continuing impact" and "mere continuity"). See also Delaware State Coll. v. Ricks, 449 U.S. 250, 258 (1980) (noting that "the proper focus is upon the time of the *discriminatory acts*," not the later effects (citation omitted)).

Here, Plaintiff has failed to allege any violation occurring within the limitations period. The Complaint states that Plaintiff "has remained suspended without pay as the School Board has not yet made a determination concerning CASD's recommendation." (Compl. ¶ 41.) In her response to the Motion to Dismiss, Plaintiff restates this claim in asserting that "[w]ithin the statutory period, Defendants have not revoked or retracted its decision to suspend Mrs. Anyan or recommend her termination to the School Board." (Pl.'s Resp. 10.) But Plaintiff is not entitled to challenge an action by Defendants in perpetuity simply because Defendants have not changed their mind regarding a previous decision. An action—an alleged violation—is required to start the clock anew for limitations purposes, and Plaintiff's allegation amount to mere inaction at best.[3] As Plaintiff has failed to allege any violation within the limitations period, the continuing violations doctrine cannot rescue her untimely allegations.

---

[3] In Plaintiff's response, Plaintiff hints at a challenge to the ongoing administrative process before the School Board. (See Pl.'s Resp. 10 ("[F]urther discovery is necessary to determine whether the 2-year delay in moving forward with Mrs. Anyan's suspension and termination recommendation resulted from Defendants' dilatory conduct and constitutes a further effort to discriminate and retaliate against her.").) But Plaintiff has not alleged such a challenge in the Complaint, except perhaps in her conclusory allegation that "Defendants have engaged in a

Moreover, even if Plaintiff alleged a cognizable violation within the limitations period, she has not presented such a charge before the EEOC, as is required. See Burgh, 251 F.3d at 469; 42 U.S.C. § 2000e-5. Since Plaintiff presented only her allegations regarding the CASD's decision to suspend her in her initial charge (see EEOC Charge Statement of Particulars, Pl.'s Resp. Ex. A), she has failed to exhaust her administrative remedies as to any other alleged discrimination. Thus, this suit cannot proceed.

Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED. Plaintiff may file any amended complaint on or before Thursday, September 14, 2015.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.

---

continuing and ongoing course of conduct and activity," (see Compl. ¶ 42). We will not import this hypothetical allegation from Plaintiff's briefing on the instant Motion into her complaint.